1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 06CR1846 WQH |
| Plaintiff, | CASE NO. 08CV1822WQH |
| vs. | ORDER |
| JOSE TORRES-RODRIGUEZ, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. # 55) filed by Defendant.  Defendant moves the court to modify his sentence on the grounds that 1) new constitutional law justifies a downward departure request, 2) he is entitled to a post conviction downward departure, and 3) defense counsel misadvised him of the condition of his plea bargain. The Court finds that the issues raised in the petition are appropriate for summary disposition.

**APPLICABLE LAW**

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

1   imposed the sentence to vacate, set aside or correct the sentence."  A district court must

2   summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached

3   exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

4   Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.

5   When this standard is satisfied, neither a hearing nor a response from the government is

6   required.  *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

7                                         **RULING OF THE COURT**

8       In this case, the record conclusively shows that the Defendant has waived his right to

9   bring a § 2255 motion.  In the plea agreement, the Defendant waived "to the full extent of the

10   law, any right to appeal or to collaterally attack the conviction and sentence ... unless the court

11   imposes a custodial sentence greater than the high end of the guideline range (or statutory

12   mandatory minimum term, if applicable) recommended by the Government pursuant to this

13   agreement at the time of sentencing." (Doc. # 32 at page 10.)  This waiver is clear, express and

14   unequivocal.  Plea agreements are contractual in nature, and their plain language will generally

15   be enforced if the agreement is clear and unambiguous on its face.  *United States v. Jeronimo*,

16   298 F.3d 1149, 1153 (9th Cir. 2005). The Government recommended an advisory guideline

17   range of 57 to 71 months and a sentence of 57 months as provided in the plea agreement. (Doc.

18   # 32 at 8-9).  The Court imposed a sentence of 63 months. (Doc. # 51).  The sentence imposed

19   by this Court was not "greater than the high end of the guideline range . . . recommended by

20   the Government pursuant to [the plea] agreement at the time of sentencing." (Doc. # 32 at page

21   10.)  Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally

22   attack the sentence imposed.

23       Finally, the Defendant presents no grounds for relief under Section 2255. There are no

24   provisions of the United States Sentencing Guidelines or constitutional law which would

25   entitle the Defendant to a post conviction downward departure.  *See* U.S.S.G. Section 5K2.19

26   (Post-sentencing rehabilitation efforts, even if exceptional, . . . are not an appropriate basis for

27   a downward departure...).  Defendant has not asserted any facts to support a claim of an alleged

28   misrepresentation by his counsel.  Defendant was informed of the terms and conditions of his

plea agreement in open court.  The Court accepted his plea of guilty finding that he understood the plea agreement, the charges against him, and the consequences of the plea. The Court sentenced the Defendant to a sentence within the guideline range stated in the plea agreement.

IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. # 55) filed by Defendant is denied.

DATED:  October 21, 2008

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge

06cr1846